UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTINE BRECHT,<br><br>　　　　　Appellant,<br>　　v.<br><br>MICHAEL KLEIN, et al.,<br><br>　　　　　Appellees. | CASE NO. C24-1949JLR<br><br>ORDER |

Before the court is Appellant Kristine Brecht's motion for a rehearing under Federal Rule of Bankruptcy Procedure 8022. (Mot (Dkt. # 14); *see also* Errata (Dkt. # 15).) The court has considered Ms. Brecht's submissions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES Ms. Brecht's motion.

---

[1] Oral argument is not permitted on a motion for rehearing. *See* Fed. R. Bankr. P. 8022(a)(4); *see also* Local Rules W.D. Wash. LCR 88(c)(1) ("Practice in such bankruptcy appeals as may come before this district shall be governed by Part VIII of the Rules of Bankruptcy Procedure[.]"). Responses to motions for rehearing are also not permitted absent a

ORDER - 1

1  On August 12, 2025, the court concluded that it did not have subject matter jurisdiction over Ms. Brecht's appeal and dismissed her appeal with prejudice. (8/26/25 Order (Dkt. # 12) at 7-15; Judgment (Dkt. # 13).) Specifically, the court held that (1) it did not have jurisdiction over Ms. Brecht's untimely appeal of the bankruptcy court's orders outside of the 14-day period for taking an appeal (*see* 8/26/25 Order at 8-11 (*citing* Fed. R. Bankr. P. 8002(a))); and (2) Ms. Brecht did not have standing to pursue the remainder of her appeal (*see id*. at 11-15). On August 26, 2025, Ms. Brecht filed her motion for rehearing, relying upon a bevy of separate grounds. (*See* Mot. at 4-15.)

  After a district court decides a bankruptcy appeal, Federal Rule of Bankruptcy Procedure 8022, in pertinent part, permits a party to move for a rehearing in the district court. See Fed. R. Bankr. P. 8022. The movant must "state with particularly each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). A motion for rehearing is "designed to ensure that the appellate court properly considered all relevant information in rendering its decision." *In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (9th Cir. BAP 2003) (citation omitted). Such a motion "is not a means by which to reargue a party's case." *Id.*

  The court now turns to Ms. Brecht's arguments for a rehearing. First, Ms. Brecht asserts that the court misapprehended the scope of the bankruptcy court's order from

---

request by the court, *see* Fed. R. Bankr. P. 8022(a)(3), and the court did not request responses to Ms. Brecht's motion (*see generally* Dkt.).

which she appealed (Mot. at 4), took an overly restrictive view of finality in bankruptcy appeals (*id.* at 5), and mistakenly analyzed the question of whether Ms. Brecht had standing (*id.* at 7). In making these arguments, Ms. Brecht simply rehashes the same arguments she made on appeal and contends that the court ruled incorrectly; she does not supply any law showing that the court erred, nor does she point to any relevant facts that the court purportedly overlooked in making its ruling. (*See generally id.* at 4-5, 7.) Accordingly, these arguments do not satisfy the applicable standard on a motion for rehearing. *See In re Hessco Indus., Inc.*, 295 B.R. at 375.

Second, Ms. Brecht argues that the court should have considered whether to apply equitable doctrines to extend the 14-day period for her to appeal the bankruptcy court's order. (Mot. at 6.) As the court has already explained, however, "[t]he 14-day time deadline in Federal Rule of Bankruptcy Procedure 8002(a) is a jurisdictional requirement that acts as an immutable constraint on the court's authority to consider and hear appeals." (8/12/25 Order at 9 (quoting *Wilson v. JPMorgan Chase Bank NA*, 750 F. Supp. 3d 1218, 1224 (W.D. Wash. 2004), and *In re Wilkins*, 587 B.R. 97, 107 (9th Cir. BAP 2018)).) The court does not have authority to extend its jurisdiction via equitable doctrines.[2]

To argue otherwise, Ms. Brecht cites only a single, overruled case that arose in a different context. (*See* Mot. at 6 (citing *In re Gardenhire*, 220 B.R. 376 (9th Cir. BAP

---

[2] For the same reason, the court does not consider Ms. Brecht's assertion that the bankruptcy court's denial of her claimed homestead exemption, and the court's lack of jurisdiction to review that decision, contravene Washington's policy to liberally construe the homestead exemption. (*See* Mot. at 12-15.)

1998), *overruled by* 209 F.3d 1145 (9th Cir. 2013)).) Specifically, in *In re Gardenhire*, the Bankruptcy Appellate Panel for the Ninth Circuit held that courts could equitably toll the 180-day period for a governmental unit to file a timely proof of claim under a section of the Bankruptcy Code that is not at issue here. *See In re Gardenhire*, 220 B.R. at 385. That case did not discuss the 14-day period to appeal a bankruptcy court's order under Federal Rule of Bankruptcy Procedure 8022(a). *See generally id.* Moreover, the Ninth Circuit *reversed* that decision, holding instead that "application of equitable tolling to the 180-day period for governmental units to file proofs of claim . . . is inconsistent with the plain meaning of the Bankruptcy Code and Rules, applicable Ninth Circuit precedent, and the weight of authority from other jurisdictions. Equitable tolling cannot be applied to extend the filing period[.]" *In re Gardenhire*, 209 F.3d at 1152.[3] In sum, equitable tolling doctrines are inapplicable here and provide no basis to grant a rehearing.

    Third, Ms. Brecht argues that the court "implicitly relied on the view that [her] prior appeal[] had been abandoned or mooted[,]" and asserts that her prior appeal of the denial of her claimed homestead exemption was not moot. (Mot. at 7.) The court, however, did not conclude that Ms. Brecht's prior appeal was moot; instead, the court observed that Ms. Brecht had *asserted* that her own appeal was moot—and successfully sought its dismissal on that basis—after changing her strategy in her bankruptcy case. (*See* 8/12/25 Order at 6, 10.) As the court has already explained, Ms. Brecht opted to abandon her prior appeal of the bankruptcy court's denial of her claimed homestead

---

[3] Ms. Brecht's counsel failed in his obligation to inform the court that the authority he relied upon had been reversed. (*See* Mot. at 6.)

ORDER - 4

exemption, and she cannot resurrect that appeal now—after the 14-day jurisdictional period has lapsed—simply because that denial had some effect later in the bankruptcy case. (*Id.* at 10-11 & n.5.)

Fourth, Ms. Brecht claims that the court failed to analyze her untimely effort to appeal the denial of her claimed homestead exemption separately from the balance of her appeal. (*See* Mot. at 9-10.) The court, however, separately analyzed the issues. Indeed, the court concluded that "Ms. Brecht timely appealed" the bankruptcy court's November 15, 2024 order, and the court then analyzed whether she had standing to appeal that order. (*See* 8/12/25 Order at 11-15.)

Fifth, Ms. Brecht claims that the court overlooked "substantial documentary evidence" that, she says, is part of the record here. (*See* Mot. at 10-12.) Ms. Brecht, however, states that she "handed up" these materials to the bankruptcy court at the hearing on her claimed homestead exemption, after briefing on that issue had closed. (*Id.* at 10.) Because Ms. Brecht failed to provide these materials earlier, the bankruptcy court did not admit these materials into the record. (*See, e.g.*, 10/2/24 Bankr. Order (Bankr. Dkt. # 135)[4] at 5 ("The [bankruptcy] [c]ourt did not reopen the record to include the additional documents brought to the hearing by counsel for [Ms.] Brecht.")); *see also* Local Rules W.D. Wash. Bankr. 9013-1(d)(6) (providing that the record closes on a reply, and that "[n]o additional replies will be considered by the court, unless otherwise

---

[4] Citations to the "Bankr. Dkt." refer to the applicable docket number of filings entered in the bankruptcy court docket. *See In re Kristine Brecht*, No. 24-01239TWD (Bankr. W.D. Wash.).

ORDER - 5

ordered"). Accordingly, these materials are not part of the record and do not provide a basis to grant a rehearing.[5]

For the foregoing reasons, the court DENIES Ms. Brecht's motion for a rehearing under Federal Rule of Bankruptcy Procedure 8022 (Dkt. # 14).

Dated this 8th day of September, 2025.

JAMES L. ROBART
United States District Judge

---

[5] The court reminds counsel for Ms. Brecht of his obligation not to prosecute frivolous appeals. *See, e.g.*, Fed. R. Bankr. P. 8020. As the court has explained, many of counsel's arguments plainly do not meet the standard for a rehearing. Counsel also relied upon overruled authority without advising the court (Mot. at 6), and incorrectly represented that materials submitted to the court were properly within the record (*id.* at 10-11). The court cautions counsel, in the future, to conform his arguments to the law and the factual record.