UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTINE BRECHT,<br><br>    Appellant,<br><br> v.<br><br>MICHAEL KLEIN, et al.,<br><br>    Appellees. | CASE NO. C24-1949JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court are Appellant Kristine Brecht's two motions: (1) a motion for entry of a comfort order authorizing the sale of certain real property (the "Property") while preserving Ms. Brecht's rights to proceeds (MFC (Dkt. # 28); Reply (Dkt. # 31)) and (2) a motion for reconsideration of the court's October 16, 2025 Order awarding attorneys' fees, costs, and damages (MFR (Dkt. # 29); *see* 10/16/25 Order (Dkt. # 25)). Although Ms. Brecht characterizes her motion for reconsideration as being made under Federal Rule of Civil Procedure 59(e), (*see* MFR), the court construes the motion as a

ORDER - 1

motion for rehearing under Federal Rule of Bankrupcty Procedure 8022 ("Rule 8022"). *See In Re Silver*, No. 2:25-cv-00149-FWS, 2025 WL 2238728, at *1–-2 (C.D. Cal. July 15, 2025) (compiling cases and construing an appellant's Federal Rule of Civil Procedure 59(e) motion as a motion for rehearing under Rule 8022). Appellees oppose the motion for a comfort order.[1] (Resp. (Dkt. # 30).) Appellees raise threshold questions about the court's subject matter jurisdiction in light of Ms. Brecht's pending appeal before the Ninth Circuit Court of Appeals and offer to provide additional briefing for the motion for comfort if invited to do so by the court. (*Id.*) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court DENIES Ms. Brecht's motion for reconsideration and ORDERS the parties to file supplemental briefing regarding Ms. Brecht's motion for a comfort order.

## II.  BACKGROUND

The court set forth much of the factual and procedural background of this matter in its prior orders and does not repeat that background here except as relevant. (*See*, *e.g.*, 8/12/25 Order (Dkt. # 12) at 2-7; 10/16/25 Order (Dkt. # 25) at 2-5.) On August 12, 2025, the court concluded that it did not have subject matter jurisdiction over Ms. Brecht's bankruptcy appeal and dismissed her appeal with prejudice. (8/12/25 Order at 7-15; Judgment (Dkt. # 13).) Specifically, the court held that (1) it did not have

---

[1] "Unless the district court . . . requests, no response to a motion for rehearing is permitted." Fed. R. Bankr. P. 8022(a)(3). The court did not ask Appellees to respond to Ms. Brecht's motion for reconsideration. (*See generally* Dkt.)

[2] Ms. Brecht requests oral argument for her motion for reconsideration. (MFR at 1.) However, the court determines that oral argument will not assist it with the resolution of the motion.

1 | jurisdiction over Ms. Brecht's untimely appeal of the bankruptcy court's orders outside of
2 | the 14-day period for taking an appeal (*see* 8/12/25 Order at 8-11 (citing Fed. R. Bankr.
3 | P. 8002(a))); and (2) Ms. Brecht did not have standing to pursue the remainder of her
4 | appeal (*see id*. at 11-15).
5 |     On August 26, 2025, Ms. Brecht moved for a rehearing. (*See* MFR (Dkt. # 14) at
6 | 4-15.) On September 8, 2025, the court denied Ms. Brecht's motion, finding that her
7 | motion did not meet the standard for granting a rehearing and that it relied in part upon
8 | overruled legal authority and materials that were not properly in the record. (*See* 9/8/25
9 | Order (Dkt. # 16) at 2-6.)
10 |     On September 21, 2025, Appellee Michael P. Klein (the "Trustee") moved for
11 | entry of judgment jointly and severally against Ms. Brecht, attorney Jeffrey M. Wheat,
12 | and Wheat Legal PLLC, asserting that Ms. Brecht's appeal was frivolous and harmed the
13 | administration of her bankruptcy case. (*See generally* MFF (Dkt. # 17).) The court
14 | granted in part and denied in part the Trustee's motion, concluding that both Ms. Brecht's
15 | appeal to this court and her motion for rehearing were frivolous. (10/16/25 Order at
16 | 5-10.) Pursuant to Federal Rule of Bankruptcy Procedure 8020(a), the court authorized a
17 | total award of $29,949.66 in attorneys' fees, damages, and costs. (*Id*. at 15.)
18 |     On October 7, 2025, Ms. Brecht appealed to the Ninth Circuit Court of Appeals
19 | (1) the August 12, 2025 Order dismissing Ms. Brecht's bankruptcy appeal; (2) the
20 | judgment dismissing the appeal with prejudice; and (3) the September 8, 2025 Order
21 | denying Ms. Brecht's motion for rehearing. (10/7/25 Not. (Dkt. # 22) at 2.)
22 |

ORDER - 3

1    Ms. Brecht filed her motion for entry of a comfort order on October 21, 2025.
2    (MFC.) Ms. Brecht seeks to confirm that "the pendency of [her appeal to the Ninth
3    Circuit] does not preclude the Chapter 7 Trustee from completing the sale of the
4    [Property]" and to clarify that Ms. Brecht's "appellate rights with respect to proceeds of
5    the sale are preserved pending resolution of the appeal." (*Id*. at 1-2 (citing Fed. R. Bankr.
6    P. 8013(a)).) Ms. Brecht contends that such confirmation and clarification will reassure
7    title insurance underwriters who "expressed reluctance to insure the transaction due to
8    uncertainty created by the pending appeal[,] . . . facilitate closing of the Property sale, and
9    preserve the integrity of the appellate process." (*Id*. at 2.) Appellees oppose Ms.
10   Brecht's motion for a comfort order and contend that it is "a transparent attempt to
11   support a position in the future that neither [Ms. Brecht] nor her counsel should be
12   sanctioned for filing a further frivolous appeal to the [Ninth Circuit]." (Resp. at 3.)
13   On October 24, 2025, Ms. Brecht filed her motion for reconsideration of the
14   court's October 16, 2025 Order awarding fees and costs to the Trustee. (*See* MFR.) The
15   court now addresses its subject matter jurisdiction and the merits of Ms. Brecht's two
16   pending motions.

### III.   ANALYSIS

18   The court first addresses Ms. Brecht's motion for rehearing and then turns to Ms.
19   Brecht's motion for a comfort order.

20   **A.    Ms. Brecht's Motion for Rehearing**

21   In general, when a matter is pending appeal, the district court no longer has
22   jurisdiction over matters involved in the appeal. *Griggs v. Provident Consumer Disc.*

*Co.*, 459 U.S. 56, 58-59 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Under Federal Rule of Appellate Procedure 6(b)(2), however, a court sitting in appellate jurisdiction may consider a motion for rehearing under Rule 8022 while a bankruptcy case is pending appeal. Fed. R. App. P. 6(b)(2)(A). Therefore, the court concludes that it has subject matter jurisdiction to decide Ms. Brecht's motion for rehearing.

Rule 8022 provides that a motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). A petition for rehearing is "designed to ensure that the appellate court properly considered all relevant information in rendering its decision." *In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003) (citing *Armster v. U.S. Dist. Ct. for Cent. Dist. of California*, 806 F.2d 1347, 1356 (9th Cir. 1986)). "[It] is not a means by which to reargue a party's case." *Id*. (citing *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962)). Instead, the moving party must "identify any error in the district court's order dismissing his appeal." *In re Kenny G Enters., LLC*, 708 F. App'x 390, 390 (9th Cir. 2017).

Ms. Brecht asserts that the court made three errors in its October 16, 2025 Order that warrant rehearing: (1) the court erred in awarding fees, costs, and damages against Ms. Brecht because the court found that Ms. Brecht's standing argument was not wholly without merit and, as such, is precluded from making a frivolousness determination and issuing sanctions against Ms. Brecht; (2) the court erred in awarding damages against Ms.

1 | Brecht based on the Trustee's assertion that Ms. Brecht's appeal caused the title insurer's
2 | refusal to insure the Property; and (3) the court erred in issuing sanctions against Ms.
3 | Brecht because she never opposed the sale of the Property, which she asserts is evidence
4 | that she did not undertake an appeal in bad faith or to obstruct proceedings.  (MFR at 4-
5 | 5.)
6 |      These arguments, however, are the same arguments that Ms. Brecht presented to
7 | the court in her original opposition to the Trustee's motion for fees and costs.  (*See* MFF
8 | Resp. (Dkt. # 20) at 4-11 (arguing that (1) her appeal was not frivolous, (2) the claimed
9 | damages are not properly attributable to the appeal, and (3) Ms. Brecht did not oppose the
10 | sale of the Property).)  Thus, Ms. Brecht presents no "new point of law or fact" that the
11 | court "overlooked or misapprehended[.]"  Fed. R. Bankr. P. 8022(a)(2).  Consequently,
12 | the court finds no basis for a rehearing and denies Ms. Brecht's motion.
13 | **B.     Ms. Brecht's Motion for Comfort**
14 |      Ms. Brecht also moves under Federal Rule of Bankruptcy Procedure 8013(a) for a
15 | "comfort order confirming that the pendency of this appeal does not preclude the Chapter
16 | 7 Trustee from completing the sale of the [Property][.]"  (MFC at 1-2.)  She contends that
17 | her "sole purpose in pursuing this appeal is to preserve her rights to the proceeds of sale,
18 | including her claimed homestead exemption under Washington law[.]"  (*Id*. at 3.)
19 | Appellees oppose Ms. Brecht's motion and challenge her motives, asserting that Ms.
20 | Brecht's appeal is frivolous and that the motion for comfort "is a transparent attempt to
21 | support a position in the future… that neither [Ms. Brecht] nor her counsel should be
22 | sanctioned for filing a further frivolous appeal to the [Ninth Circuit]."  (Resp. at 3.)

Because Ms. Brecht filed a notice of appeal, the court retains only very limited jurisdiction to decide collateral matters.  (*See* 10/7/25 Not.); *Griggs*, 459 U.S. at 58; *In re Mirzai*, 236 B.R. 8, 10 (B.A.P. 9th Cir. 1999) (explaining jurisdiction on appeal for bankruptcy matters by analogizing to trial court's remaining original jurisdiction during pendency of appeal to an appellate court).  Trial courts sitting in appellate jurisdiction cannot take actions "over those aspects of the case involved in the appeal." *In re Mirzai*, 236 B.R. at 8 (citing *Griggs*, 459 U.S. at 58.).

At issue, then, is whether, or to what extent, a comfort order is a collateral matter or would impact any substantive issue on appeal.  Therefore, the court orders the parties to provide additional briefing regarding (1) whether the court has jurisdiction to decide Ms. Brecht's pending motion for a comfort order and (2) the merits of Ms. Brecht's motion.

### IV.   CONCLUSION

Therefore, for the foregoing reasons, the court DENIES Ms. Brecht's motion for reconsideration (Dkt. # 29) and ORDERS the parties to provide additional briefing on Ms. Brecht's motion for a comfort order (Dkt. # 28).  The deadline for Appellees to file supplemental briefing is **Wednesday, December 10, 2025**.  The deadline for Ms. Brecht to file a response is **Wednesday, December 17, 2025**.

Dated this 26th day of November, 2025.

JAMES L. ROBART
United States District Judge